IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER M. SURBER,

          Plaintiff,

v.                                         CIVIL ACTION NO. 2:06-cv-00273

GREYHOUND LINES, INC.,
GARY DONOVANT, and JIM LOWRY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the defendants' and plaintiff's cross-motions for summary judgment [Docket 5 and Docket 7]. For the following reasons plaintiff's motion is **DENIED**, defendants' motion is **DENIED in part and GRANTED in part.**

**I. Background**

This action arose out of an alleged injury to the plaintiff, Christopher Surber, that occurred while he was a passenger on a Greyhound bus. Many of the material facts in this case remain in dispute, though certain facts are uncontroverted. The parties agree that Mr. Surber was a paying passenger on a Greyhound bus traveling from Columbus, Ohio to Bluefield, West Virginia on May 13, 2003. The bus stopped for a meal break in Charleston, West Virginia. During the break, many new passengers boarded the bus. Gary Donovant was the bus driver. When the bus departed for

Bluefield, Mr. Surber was seated next to Amy Smith. Ms. Smith sat in the aisle seat. Mr. Surber sat in the window seat. Ms. Smith had a backpack with her. When the bus stopped at Bluefield, Ms. Smith got up to allow Mr. Surber to exit the bus. At this point, it is undisputed that her backpack was on the floor in front of her seat, and that Mr. Surber saw the backpack.

The remaining facts are disputed. Mr. Surber stepped over the backpack. He alleges he then had to maneuver himself around a large Samsonite bag that was sticking out into the aisle. While maneuvering around these two pieces of luggage, Mr. Surber alleges he severely injured his knee. The parties dispute whether the driver completed an inspection of the bus aisle before departing, and whether he made an announcement regarding proper storage of luggage. Also in dispute is whether the Samsonite luggage was sticking out in the aisle, and whether Mr. Surber's injury was due to maneuvering around the two pieces of luggage.

In his motion for summary judgment Mr. Surber alleges that the driver, Mr. Donovant, never made any announcements regarding the placement of luggage, only walked part way down the aisle to make sure it was free from luggage. Mr. Surber states that in alighting from the bus he had to step over Ms. Smith's backpack and maneuver around another large piece of luggage sitting in the aisle. In taking this step, Mr. Surber argues that he severely injured his knee.

In its motion for summary judgment, Greyhound disputes many of the facts alleged by Mr. Surber. Greyhound states in its brief that Mr. Donovant did make an announcement about proper storage of luggage, and that he did conduct an inspection to make sure all luggage was properly stored. Additionally, Greyhound states that Ms. Smith's luggage was initially under the seat in front of her, but that she moved it once the bus embarked. Greyhound also argues that Mr. Surber's injury

was not caused by his maneuvering around the baggage, but that he had a preexisting condition that caused the injury.

## II. Summary Judgment Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

**III. Analysis**

This case contains several questions of law for the court to resolve. I will first address the question of what standard of care applies to Greyhound in this case. Next, I will address the requirements for a prima facie case of negligence, and the relevance of contributory negligence. Finally, I will address the arguments on punitive damages.

*A. Standard of Care*

Greyhound argues that the premises liability standard applies. Its argument is based on its interpretation of the Federal Motor Carrier Safety Regulations (FMCSR). It argues that these regulations only apply to vehicles in operation and not to stationary vehicles. The plaintiff argues that the FMCSRs apply to both moving and stationary vehicles, and therefore the higher common carrier standard of duty applies. The court agrees with the plaintiff's reading of the FMCSR to apply to both stationary vehicles and those in operation. The relevant section is titled "safe operation, buses." The text states:

> "[n]o person shall drive a bus and a motor carrier shall not require or permit a person to drive a bus unless (c) Baggage or freight on the bus is stowed and secured in a manner which assures (2) Unobstructed access to all exits by any occupant of the bus; and (3) Protection of occupants of the bus against injury from the falling or displacement of articles transported in the bus."

I agree with the plaintiff that the natural reading of the regulation is that before driving the bus, the driver must be sure to comply with the above provisions. The regulation does not apply only to vehicles in operation. The court **FINDS** that Greyhound is a common carrier and that Mr. Surber was a passenger at the time of his injury.

It is a long established rule that buses are common carriers owing their passengers the highest level of care. The rule of common carrier liability states that owners of buses owe a duty

to exercise the highest degree of care for passengers' safety that is consistent with the practical conduct of the business. *Alderman v. Baltimore & Ohio R. Co. No. 1392*, 113 F. Supp. 881, 882 (S.D. W.Va. 1953). This standard means that the bus owner or bus company may be liable for even the slightest negligence on its part. *Id.* Mr. Surber was a fee paying passenger riding on a common carrier, therefore, the common carrier duty of care applies.

Greyhound argues in its brief that premises liability, rather than common carrier liability, should apply because the bus was stopped when the alleged injury occurred. I disagee. The passenger-common carrier relationship starts from the moment the fee paying passenger enters the bus and does not end until that passenger has safely alighted from the bus. 13 C.J.S. Carriers § 510. An accident that occurs while the passenger is alighting is subject to this high standard of care.

*B. Showing of Negligence*

Plaintiff argues that to make out a prima facie case of negligence, he has to show only that he was injured while on a common carrier of passengers. Plaintiff cites *Abdullah v. Pittsburgh and Weirton Bus Co.*, 213 S.E.2d 810, 817-18 (W.Va. 1975) as support for this proposition. Plaintiff then argues that since the slightest evidence of negligence is enough, he wins simply by presenting a prima facie showing of negligence. Plaintiff further argues that the court should not take his own contributory negligence into account. Greyhound has two responses to this argument. First is that a prima facie showing of negligence only allows the plaintiff to avoid summary judgment, it does not win the case. Greyhound has put forth evidence to rebut the prima facie case made by plaintiff. Second, Greyhound argues that the plaintiff's contributory negligence is relevant.

I agree with Greyhound on both these points. The plaintiff misreads *Abdullah* in two important respects. A prima facie case of negligence on the part of the defendant only arises when

the plaintiff was *passively riding* as a passenger in the defendant's vehicle, operated as a common carrier of passengers. *Abdullah*, 213 S.E. 2d at 818 (emphasis added). The court in *Abdullah* goes on to say, that if such a case is made, the plaintiff does not win, but instead the case is sent to the jury. *Id.* In the instant case, Mr. Surber was not passively riding, he was attempting to alight from the bus and actively trying to step around the luggage. Therefore the prima facie standard articulated in *Abudullah* does not apply in the instant case. Furthermore, Greyhound offers rebuttal evidence relating to its alleged negligence, and offers the depositions of Ms. Smith and Mr. Donovant in support of its position. I **FIND** that Greyhound has put forth enough evidence that a reasonable jury could return a verdict in its favor.

Second, I agree with Greyhound that Mr. Surber's alleged negligence is relevant to his cause of action against Greyhound. The jury must determine whether Mr. Surber exercised reasonable care in avoiding the luggage, and whether his own negligence contributed to his injury. Although, violation of a statute is *prima facie* evidence of negligence, this evidence can be rebutted as stated above. *See Kizer v. Harper*, 561 S.E.2d 368, 370 (W. Va. 2001). The plaintiff must still prove that the violation was the proximate cause of his injury. *Id.* Therefore, his own potential negligence is relevant. The Supreme Court of West Virginia has held that the comparative contributory negligence of a plaintiff, is a matter for the jury to decide. *See Bradley v. Sugarwood*, 260 S.E.2d 839 (W. Va. 1979). In that case, although the court recognized that the plaintiff had a duty to look and exercise ordinary care, the issue of whether the plaintiff was guilty of contributory negligence was one for the jury to decide. *Id*. at 841.

Furthermore, a violation of the FMCSR is not enough to find the defendants negligent. Other courts have looked at similar regulations and found that the requirements must be given a reasonable

interpretation in light of the situation presented. *Holeman v. Greyhound Corp.*, 396 S.W.2d 507, 511 (Tex. Civ. App. 1965); *Ninni v. Pennsylvania Greyhound Lines*, 97 F. Supp. 357, 360 (E.D. Mich. 1951). They have stated that the bus driver must have a reasonable time and opportunity to see whether baggage is loaded so as not to interfere with the free and ready entering or leaving of the bus. *See Holeman*, 396 S.W.2d at 511. It is still unclear in this case whether the driver knew or should have known about the luggage in the aisle, and even whether there was luggage in the aisle. Material facts remain disputed and therefore, summary judgment is **DENIED.**

### *C. Punitive Damages*

Finally, Mr. Surber has requested punitive damages in this case. It is a general rule that punitive damages are not recoverable for simple negligence. 1 Stein on Personal Injury Damages (3d ed.) § 4:11. A court errs in denying a defendant's motion for summary judgment dismissing a claim for punitive damages if the allegations of the complaint do not set forth the type of exceptional conduct transgressing mere negligence needed to support an award of punitive damages. *Id.* In this case the plaintiff alleges that the defendants' conduct rises to the level of wanton or reckless conduct, because Mr. Donovant allegedly failed to perform a full inspection of the bus, and he failed to do so several times. In West Virginia it is legitimate to send the question of punitive damages to the jury only where there is evidence that defendant acted with wanton, willful, or reckless conduct, or criminal indifference to civil obligations affecting rights of others to appear, or where the legislature so authorizes. *See Michael v. Sabado*, 453 S.E.2d 419, (W. Va. 1994). The only evidence here is that Mr. Donovant failed to comply with a regulation, there is no evidence that he acted in a wanton or willful manner or with reckless disregard for the safety of others. The

defendants' motion for summary judgment is **GRANTED** as to punitive damages. I **FIND** there is no evidence to support a claim for punitive damages in this case.

### IV. Conclusion

The plaintiff's motion for summary judgment is **DENIED.** The defendant's motion is **GRANTED in part and DENIED in part.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 21, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE